UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO PINTO VELARDE<br><br>                                  Petitioner,<br><br>v.<br><br>Jeremy CASEY, in his official capacity as Warden of Imperial Regional Detention Facility; Gregory J. ARCHAMBEAULT, in his official capacity as San Diego Field Office Director, ICE Enforcement Removal Operations; Todd LYONS, in his official capacity as Acting Director of ICE; Markwayne MULLIN, in his official capacity as Secretary of Homeland Security; Todd BLANCHE, Acting U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; DEPARTMENT OF HOMELAND SECURITY,<br><br>                                  Respondents. | Case No.: 26-cv-3309-JES-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Eduardo Pinto Velarde's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause, (ECF No. 2.), Respondents (the "Government") filed their

Return. ECF No. 4, ("Ret."). The Court then took the matter under submission. For the reasons set forth below, the Court **GRANTS** the Petition.

## I.      BACKGROUND

Petitioner is a Bolivian national who entered the United States on December 20, 2024, at or near Calexico, California, without being admitted or paroled. Pet. ¶ 3; ECF No. 4-1 at 2-5. Petitioner was apprehended by Respondents, who deemed him inadmissible and initiated removal proceedings, under Section 240 of the Immigration and Nationality Act ("INA") (codified as 8 U.S.C. § 1229a), against him. *Id.*; *id.*

On January 15, 2025, Petitioner filed an asylum claim and received a positive determination. ECF No. 4-1 at 25–28. But on October 6, 2025, an Immigration Judge ("IJ") denied Petitioner's asylum application. ECF No. 4-1 at 15. Petitioner timely appealed to the Board of Immigration Appeals ("BIA") on November 1, 2025. *Id.* His appeal remains pending before the BIA. Pet. ¶ 7. Petitioner has been detained by ICE for over seventeen months, at Imperial Regional Detention Facility in Imperial, California, and has not received a bond hearing. *Id*. ¶¶ 3, 57; ECF No. 4-1 at 8. He now seeks habeas relief on the grounds that his continued detention without a custody redetermination hearing is unlawful under 8 U.S.C. § 1226(a) and violates his Fifth Amendment right to due process. *Id*.

## II.      DISCUSSION

The Court finds that the issues presented in this Petition are materially identical to those resolved in this Court's decisions in *Velazquez-Beltran v. Noem*, No. 3:26-CV-959-JES-MSB, 2026 WL 524056 (S.D. Cal. Feb. 25, 2026). The Court, therefore, elects to follow the reasoning stated in those decisions and incorporates it by reference.

### A.      Jurisdiction

Although the Government does not challenge jurisdiction, the Court addresses the issue to confirm the propriety of its review.

The Court finds that 8 U.S.C. § 1252's jurisdiction-stripping provisions do not bar consideration of this habeas petition. Section 2241 jurisdiction to review the lawfulness of immigration detention is well established. *See Jennings v. Rodriguez,* 583 U.S. 281, 290–

26-cv-3309-JES-DEB

92 (2018). The prudential exhaustion requirement is excused here because further resort to the immigration courts would be futile in light of the BIA's precedential decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which forecloses bond hearings for individuals in Petitioner's position. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). Accordingly, the Court has jurisdiction to hear this Petition.

**B.         Section 1226(a) Governs Petitioner's Detention**

The Government's substantive response concedes that, in light of this District's repeated rulings inferring a constitutional right against prolonged mandatory detention, and given the length of Petitioner's confinement, the Court should order a bond hearing at which the Government would bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. Ret. at 1–2.

The Court agrees that a bond hearing is required. But bases Petitioner's entitlement to such remedy on the applicability of 8 U.S.C. § 1226(a)—not § 1225(b)(2)—to his detention. *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025).

Here, Petitioner entered the United States without inspection and was not apprehended at a port of entry in the context of seeking admission. ECF No. 4-1 at 5. Rather, he was encountered at or near Calexico, after having crossed into the interior of the country. *Id*. at 2. This distinction is dispositive. This Court, and the overwhelming majority of courts that have addressed this precise question, has held that 8 U.S.C § 1226(a) governs the detention of individuals who entered without inspection and were not apprehended upon arrival. *See Martinez Lopez*, 2025 WL 3030457, at *6; *see, e.g.*, *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1261 (W.D. Wash. 2025); *Hasan v. Crawford*, No. 1:25-CV-1408, 2025 WL 2682255, at *9 (E.D. Va. Sept. 19, 2025); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *7 (E.D. Mich. Sept. 19, 2025); *Barrera v. Tindall*, No. 3:25-CV-541, 2025 WL 2690565, at *5 (W.D. Ky. Sept. 19, 2025).

//

//

26-cv-3309-JES-DEB

The Court, thus, finds that 8 U.S.C. § 1226(a) governs Petitioner's detention. As a result, the Court finds further that Petitioner is entitled to a bond hearing, under 8 U.S.C. § 1226(a).

### III.   CONCLUSION

Based on the foregoing:

(1)   The Court **ORDERS** the Government to provide the noncitizen with a bond determination hearing under 8 U.S.C. § 1226(a), within fourteen **(14) days** of this Order, unless the noncitizen requests a continuance;

(2)   At the bond hearing, the Government may not deny the noncitizen bond, solely on the basis that he is detained under 8 U.S.C. § 1225(b)(2);

(3)   The Government is **ORDERED** to **FILE** a Notice of Compliance within five (5) days of providing Petitioner with a bond redetermination hearing; and

(4)   The Clerk of Court is **DIRECTED** to **CLOSE** this suit.

**IT IS SO ORDERED.**

Dated: June 9, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

4

26-cv-3309-JES-DEB